IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tryone R. Williams, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| -vs- | ) | No. 20-cv-5639 |
| | ) | |
| Sheriff Thomas Dart, Cook County, | ) | *(Judge Pacold)* |
| Illinois, Nancy Erasga, Irene | ) | |
| Modunkwu, Laura Nunez, James | ) | |
| Shiny, Darrin Sopczak, and Tonnisa | ) | |
| White, | ) | |
| | ) | |
| *Defendants.* | ) | |

## SECOND AMENDED COMPLAINT

Pursuant to leave of Court, plaintiff files this amended complaint and, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Plaintiff Tyrone R. Williams is a resident of the Northern District of Illinois who was detained at the Cook County Jail from June 8, 2020 through October 29, 2021.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County shares responsibility with defendant Dart for providing medical care for detainees at the Cook County Jail.

5. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

6. Defendants Nancy Erasga, Irene Modunkwu, Laura Nunez, James

Shiny, Darrin Sopczak, and Tonnisa White were at all times relevant nurses employed by defendant Cook County at the Cook County Jail.

7. Following plaintiff's admission to the Cook County Jail in June of 2020, health care workers at the Jail recognized that he had a variety of serious medical needs and must ingest several prescription medications on a daily basis to maintain his health.

8. In early 2020, defendants became aware that the coronavirus poses a significant risk to the health and wellbeing of detainees at the Jail. Defendants also learned that many detainees, including plaintiff, were at high risk of potential COVID-related complications that could result in death.

9. Defendants learned in early 2020 about guidelines issued by the Centers for Disease Control to prevent the spread of the virus. These guidelines include social distancing, hand sanitizing, and the wearing of face masks by detainees and correctional staff.

10. Defendants adopted but did not implement or enforce policies for social distancing, hand sanitizing, and the wearing of face masks by detainees and correctional staff.

11. At all times relevant, defendants knew that the failure to implement and enforce policies for social distancing, hand sanitizing, and the wearing of face masks by detainees and correctional staff would increase the number of persons who were infected by the coronavirus.

12. Plaintiff became infected with the coronavirus in December of 2020 and was placed in a 14-day quarantine with other similarly infected detainees.

13. While infected by the coronavirus, plaintiff experienced shortness of breath, fatigue, fever, chills, coughing, muscle and body aches, and headaches. Plaintiff lost his sense of smell and taste and had a sore throat and a runny nose. Plaintiff experienced nausea, diarrhea, and persistent vomiting.

14. The failure of defendant Sheriff to implement and enforce policies for social distancing, hand sanitizing, and the wearing of face masks by detainees was a cause of plaintiff's coronavirus infection.

15. When plaintiff began his 14-day quarantine, he was taking a variety of prescription medications for serious health needs.

16. At all times relevant, the official policies of the Cook County Jail required nursing staff to provide plaintiff with his medications on a daily basis.

17. Defendants Nancy Erasga, Irene Modunkwu, Laura Nunez, James Shiny, Darrin Sopczak, and Tonnisa White were members of the nursing staff who were responsible for providing plaintiff with his medications while he was in quarantine.

18. The above-named defendants failed to provide plaintiff with his prescribed medication on the following dates and times:

| Date | Time | Provider |
|---|---|---|
| 12/4/2020 | 12:47 | Sopczak, Darrin |
| 12/5/2020 | 12:34 | Erasga, Nancy |
| 12/5/2020 | 12:42 | White, Tonnisa |
| 12/5/2020 | 18:15 | White, Tonnisa |
| 12/6/2020 | 11:35 | White, Tonnisa |
| 12/6/2020 | 17:12 | White, Tonnisa |
| 12/7/2020 | 9:59 | Shiny, James |
| 12/8/2020 | 10:19 | Nunez, Laura |
| 12/8/2020 | 11:16 | White, Tonnisa |
| 12/9/2020 | 12:52 | Nunez, Laura |

| | | |
|---|---|---|
| 12/11/2020 | 15:03 | White, Tonnisa |
| 12/14/2020 | 11:52 | White, Tonnisa |
| 12/15/2020 | 12:42 | White, Tonnisa |
| 12/16/2020 | 5:02 | Modunkwu, Irene |
| 12/17/2020 | 10:53 | Erasga, Nancy |

19. Each of the above-named providers prepared medical records that falsely blamed plaintiff for the refusal of the provider to have interacted with plaintiff, who was then a person infected with the coronavirus.

20. Each of the above-named providers thereby deprived plaintiff of rights secured by the Fourteenth Amendment to the Constitution of the United States. In the alternative, the above-named providers refused to provide plaintiff with his prescribed medication because of their fear of being in proximity to a person infected with coronavirus while defendant Sheriff was not enforcing the announced policies for social distancing, hand sanitizing, and the wearing of face masks by detainees and correctional staff.

21. As a result of the foregoing, plaintiff suffered physical harm.

22. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that an appropriate amount of damages and costs and fees be awarded against defendants.

Respectfully submitted,

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
knf@kenlaw.com
Joel Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
*attorneys for plaintiff*

-4-